UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SCOTTIE HODGIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 2:25-CV-153-TAV-CRW |
| SULLIVAN COUNTY DETENTION CENTER, SULLIVAN CO, and TDOC, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Pro se prisoner Plaintiff, Scottie Hodgin, filed a motion seeking to proceed *in forma pauperis* in a civil rights action under 42 U.S.C. §1983 while he was housed at the Sullivan County Detention Center [*See* Docs. 1, 5]. On August 12, 2025, the Clerk mailed Plaintiff a Notice advising him that Local Rule 83.13 imposed on him a duty to update the Court of any change in address within fourteen (14) days [Doc. 3]. On the same date, an Order issued advising Plaintiff of various litigation requirements, including his duty to keep the Court apprised of his address [Doc. 6 ¶ 3]. Subsequently, the Court found Plaintiff's *in forma pauperis* motion was not properly supported, and it entered an Order providing Plaintiff thirty (30) days within which to submit a certified copy of his inmate trust account for the previous six-month period, and the Clerk mailed it to Plaintiff's address of record at the Sullivan County Detention Center [Doc. 8].

On October 24, 2025, the Court received a letter from Plaintiff that contained a notice that his address had changed to the Bledsoe County Correctional Complex

("BCCX") [Doc. 9]. Thus, when the Court's October 22 Order to Plaintiff's address at the Sullivan County Detention Center was returned as undeliverable on October 27 [Doc. 10], the Clerk remailed it to Plaintiff's new address at the BCCX on the same date [*Id.*]. However, that mailing was, too, returned to the Court as undeliverable on November 13, 2025 [Doc. 11]. More than fourteen (14) days have passed, and Plaintiff has not updated his address or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff has willfully failed to comply with the Clerk's Notice, the Court's Order, and Local Rule 83.13, despite the Court's express warnings that failure to keep the

2

Case 2:25-cv-00153-TAV-CRW    Document 12    Filed 12/23/25    Page 2 of 4    PageID #: 40

Court apprised of his address could result in the dismissal of his case [*See* Docs. 3, 6].[1] And Plaintiff's failure to timely update his address leaves the Court without any means to communicate with Plaintiff or move this case forward. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Applying these rules compels the Court to dismiss this action.

Plaintiff's failure to submit the appropriate documents leaves the Court unable to address his motion to proceed as a pauper [Doc. 5], and this motion is **DISMISSED**. Accordingly, Plaintiff is **ASSESSED**[2] the filing fee of $405.00, and this action will be **DISMISSED**.

---

[1] Local Rule 83.13 provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address[.]" E.D. Tenn. L.R. 83.13. That notification "must be accomplished by filing a Notice with the Clerk . . . within 14 days of the change of address." *Id.* "[P]ro se litigants are expected to know and follow the Court's rules." *Hardy v. Lansing Police Dep't*, No. 1:20-CV-1224, 2023 WL 7179139, at *2 (W.D. Mich. Nov. 1, 2023) (citations omitted).

[2] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
